Commonwealth v. Matlack.

supreme court, or one of its judges, upon sufficient cause shown.  (3 Dall.
Laws, 92.)

---

*SEPTEMBER TERM, 1804.                    [*303

---

COMMONWEALTH *v.* MATLACK.

*Defalcation.*

In an action at the suit of the commonwealth, the defendant cannot have a certificate of a balance
in his favor.[1]

THE defendant had been clerk of the Senate ; and in that character re-
ceived $900, as a fund to defray the contingent expenses of the house,
during several sessions.  The committee of accounts called upon him for a
settlement ; but he declined exhibiting his vouchers, unless they would
allow him a certain retrospective compensation, to which he contended
that he was entitled, under an act passed on the 22d of April 1794.  The
senate thereupon directed the comptroller to institute the present suit.
Upon the trial, the defendant proved, that he had expended considerably
more money, than he had received, for the use of the house ; and he claimed
a verdict for the amount of his advances, as well as for the additional
compensation allowed by the act of 1794.

But after argument, THE COURT declared, that the defendant could not
indirectly recover from the state, a substantive independent claim, by way
of set-off, any more than he could directly recover a debt due from the
state, by bringing a suit against her.  That the present action was brought
to compel an account for money received for the use of the senate ; in
which the defendant, if he proved that the money received was so applied,
would be entitled to a verdict ; but that even then, he could not be entitled
to a verdict for the amount of his advances ; which the senate alone was
competent to allow.

Verdict, generally, for the defendant.

*McKean,* attorney-general, for the commonwealth.  *Dallas,* for the
defendant.

---

[1] Reeside *v.* Walker, 11 How. 272; United States *v.* Eckford, 6 Wall. 484.